UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLAH,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, BERNARD WARNER, DONALD R. HOLBROOK, BRUCE A. SPANNER, SUSAN W. KEY, CYNTHIA JERNEE, SHARI HARMON and JANE and JOHN DOES,<br><br>　　Defendants. | 4:16-cv-05061-SAB<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION** |

　　On May 11, 2016, Plaintiff electronically submitted a handwritten document titled "Complaint/Consolidate With Pending Habeas Corpus, Case Incorp. 12-1-50324-qF.C. THE DEPARTMENT OF CORRECTIONS RECORDS MANAGER IN OPEN COURT AT FRANKLIN COUNTY COURT HOUSE ON AUGUST 21, 2015 STATED ON THE RECORD UNDER PENALTY OF PERJURY THAT THE DEPARTMENT OF CORRECTIONS HAVE NO JUDGMENT AND SENTENCE THAT NAMES ALLAH©, Allah© Demands To Be Immediately

**ORDER DENYING APPLICATION TO PROCEED . . . -- 1**

1  Released and Compensated $800,000.00 Pursuant to HB1341 Wrongful
2  Convictions $50,000.00 Per Year For Kidnapping, False Imprisonment, Assault ...,
3  Slavery, Peonage, Slander, Defamation of Character, etc., 42 U.S.C. § 1985(3), §
4  1986, 18 U.S.C. § 242, § 241, etc." ECF No. 1. Plaintiff did not pay the $400.00
5  fee ($350.00 filing fee, plus $50.00 administrative fee) to commence a civil action
6  under 28 U.S.C. § 1914. To the extent Plaintiff assets that his "complaint" is a
7  "contract" and not a "civil action," ECF No. 1 at 6, his assertion is not well taken.
8  *See* Rule 3, Federal Rules of Civil Procedure ("A civil action is commenced by
9  filing a complaint with the court.").
10        By letter dated May 11, 2016, the Clerk of Court instructed Plaintiff to
11 return a completed Declaration and Application to Proceed In Forma Pauperis,
12 ECF No. 2, but due to clerical error, this form was not sent. The error was
13 remedied on May 17, 2016, ECF No. 3. Nevertheless, Plaintiff did not complete
14 and return this document as instructed. Instead, Plaintiff submitted an Application
15 to Proceed In Forma Pauperis in a Federal Habeas Action on May 19, 2016, ECF
16 No. 4, along with a six month statement of his account. ECF No. 5. Plaintiff has
17 not authorized the collection of the filing fee for a civil action under 28 U.S.C.
18 § 1915(b). Therefore, he may not proceed *in forma pauperis* in this action.
19        To the extent Plaintiff may be seeking to consolidate this action with a
20 habeas action filed in a state court, he may not do so. The United States District
21 Court for the Eastern District of Washington, and a Superior Court for a County in
22 Washington State, are separate and distinct tribunals. Furthermore, this Court is
23 precluded from exercising appellate jurisdiction over the decisions of the
24 Washington state courts. *See District of Columbia Court of Appeals v. Feldman*,
25 460 U.S. 462 (1983) (holding that federal district courts may not exercise appellate
26 jurisdiction over state court decisions); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413
27 (1923). This rule applies even when the challenge to the state court's action
28 involves federal constitutional issues. *See Feldman*, 460 U.S. at 484-86;

**ORDER DENYING APPLICATION TO PROCEED . . . -- 2**

*Worldwide Church of God v. McNair*, 805 F.2d 888, 892-93 (9th Cir. 1986). Therefore, pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over a challenge to a state court action.

Rather, the proper method by which a person may challenge his state court conviction is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (if a state prisoner challenges the fact or duration of his confinement, or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies). A petitioner, however, must first properly exhaust his claims in state court and timely file his federal habeas petition.

Based on the Application to Proceed *In Forma Pauperis* filed by Plaintiff, it appears that he may have intended to proceed with a Petition for Writ of Habeas Corpus. Due to the uncertainty, however, the Court declines to convert this action into a Petition for Writ of Habeas Corpus. *McCleskey v. Zant*, 499 U.S. 467 (1991).

If Plaintiff wishes to proceed with a Petition for Writ of Habeas Corpus, he must do so in a separate action which is actually titled as a Petition for Writ of Habeas Corpus, and not as a Complaint.

**IT IS ORDERED that:**

1. The Application to Proceed *In Forma Pauperis* is **DENIED** and this action is **DISMISSED** without prejudice to filing a new action in an appropriate forum utilizing an appropriate vehicle (i.e., Petition for Writ of Habeas Corpus).

//
//
//
//
//

**ORDER DENYING APPLICATION TO PROCEED . . . -- 3**

| | |
|---|---|
| 1 | **IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file. The Court certifies that any appeal of this decision would not be taken in good faith. |
| 4 | **DATED** this 13th day of June, 2016. |



                    Stanley A. Bastian
                United States District Judge

**ORDER DENYING APPLICATION TO PROCEED . . . -- 4**